UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE MIRABELLA,<br><br>      Plaintiff,<br><br>  -against-<br><br>WYETH PHARMACEUTICALS, INC. and PFIZER, INC.,<br><br>      Defendants. | Index No. _____<br><br>**NOTICE OF REMOVAL** |

  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Wyeth Pharmaceuticals, Inc. ("Wyeth") and Pfizer Inc. ("Pfizer"), by and through their undersigned counsel, hereby file this Notice of Removal removing the above-entitled state court action captioned *Joanne Mirabella v. Wyeth Pharmaceuticals, Inc. and Pfizer, Inc.*, Index No. 609485/2017 filed in the Supreme Court of the State of New York, County of Suffolk (the "State Court Action") to the United States District Court for the Eastern District of New York.

      **I.**  **STATEMENT OF GROUNDS FOR REMOVAL**

**A.**  **Notice of Removal Is Timely.**

  1.  This Notice of Removal is made on June 22, 2017, within 30 days after the receipt by Defendants of service of a copy of the initial pleading setting forth the claim for relief upon which the complaint is based, and is therefore timely under 28 U.S.C. § 1446(b)(1).

**B.**  **The Amount in Controversy Exceeds the Jurisdictional Limit.**

  2.  The Complaint alleges that Plaintiff seeks Fifty Million Dollars ($50,000,000) in compensatory damages, as well as punitive damages.  (*See Compl. Generally* ¶¶ 33, 42, 47, 51.)

Accordingly, based on the allegations of the Complaint, the amount in controversy with respect to Plaintiff's claim exceeds $75,000 exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

**C.     Diversity of Citizenship Exists Because Pfizer Is Improperly Joined.**

3.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 on the grounds that complete diversity exists between Plaintiff Joanne Mirabella, a citizen of New York, and Defendant Wyeth, a Delaware Corporation with its principal place of business in Collegeville, Pennsylvania,[1] and Pfizer, a Delaware Corporation with its principal place of business in New York, New York,[2] when the citizenship of the improperly joined defendant, Pfizer, is disregarded pursuant to 28 U.S.C. § 1332(a).

4.      This Court should disregard the citizenship of Pfizer and sever the claims against Pfizer pursuant to the doctrine of improper joinder.

5.      The United States Constitution gives federal courts the power to hear certain "cases or controversies," including those "between citizens of different states."  U.S. Const. Art. III, § 2.  This clause, which "confer[s] a privilege on the citizens of the different States" permitting them to choose "an impartial tribunal," "is a privilege of no small practical importance . . . to corporations themselves that they should enjoy the same privileges, in other States, where local prejudices or jealousy might injuriously affect them."  *Marshall v. Baltimore & O.R.R.*, 57 U.S. 314, 328 (1854).

6.      For this reason, the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Salem Trust Co. v. Mfrs. Fin. Co.*, 264 U.S. 182,

---

[1] Paragraph 3 of Plaintiff's Complaint incorrectly identifies Wyeth as "a Pennsylvania corporation."  Wyeth is incorporated in Delaware, and its principle place of business is in Collegeville, Pennsylvania.
[2] *See Compl.* ¶ 5.

189 (1923) ("Jurisdiction cannot be defeated by joining formal or unnecessary parties."). "If in such a case a resident defendant is joined, the joinder, although fair on its face, may be shown by a petition for removal to be only a *sham or fraudulent device to prevent a removal . . . .*" *Wilson*, 257 U.S. at 97 (emphasis added).

7. Courts in the Second Circuit have recognized that a removal based upon improper joinder is warranted if the plaintiff has no viable claim under state law against the in-state defendant. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 n.3 (2d Cir. 1998) (holding that "[j]oinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged'"). Under New York law, "[a] parent company is not liable for the torts of its subsidiary, even if it is a wholly owned subsidiary, unless it can be shown that the parent's control over the subsidiary disregards its corporate independence." *Horowitz v. Aetna Life Ins.*, 148 A.D. 2d 584, 585 (N.Y. App. Div. 1989) (holding that the plaintiff "failed to make any such showing"). Courts will not hold a parent company liable for the torts of a subsidiary unless the parent exercises "complete dominion and control" over the subsidiary. *Potash v. Port Authority of New York and New Jersey*, 279 A.D. 2d 562, 563 (N.Y. App. Div. 2001) (holding that the plaintiff failed to provide "any evidence sufficient to raise a triable issue of fact" as to whether the parent "dominated the operation of its subsidiary").

8. Here, Plaintiff alleges injuries from taking a generic heart medication called amiodarone. Wyeth made and sold the branded, non-generic version of amiodarone known by the brand name "Cordarone," but ceased selling it in 2015. Cordarone went off-patent in 1998. Generic versions of amiodarone are sold by a number of other manufacturers, and it is unclear who manufactured the amiodarone Plaintiff allegedly took. In contrast, Pfizer itself does not

manufacture or distribute Cordarone or any generic form of amiodarone, and its only alleged connection to this case is as Wyeth's corporate parent. Under New York law, Pfizer "is not liable for the torts of [Wyeth], even if it is a wholly owned subsidiary, unless it can be shown that the parent's control over the subsidiary disregards its corporate independence." *Horowitz*, 148 A.D. 2d at 585. The Second Circuit has affirmed removal under similar circumstances. In *Pampillonia*, the district court held that diversity jurisdiction existed where the in-state parent, Nabisco, was improperly joined. *Pampillonia*, 138 F.3d at 461. The Second Circuit agreed that the in-state parent was fraudulently joined because "[p]laintiff's complaint fails to allege sufficient factual foundations" that the parent, Nabisco, exercised sufficient control over its subsidiary. *Id.* Likewise, here there are no such allegations or evidence against Pfizer, and as such, no basis for a claim against Pfizer.

## II.  VENUE

9. Venue is proper in the Eastern District of New York because this district encompasses the Supreme Court of the State of New York, Suffolk County, the forum from which this case has been removed.

## III.  CONSENT

10. There are no defendants other than Defendants. Thus, they have met the consent requirement under 28 U.S.C. § 1446(b)(2)(A).

## IV.  PROCESS, PLEADINGS, AND ORDERS SERVED

11. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit 1 is a copy of all process and pleadings in the State Court Action. No orders have been served in the State Court Action.

12. In accordance with 28 U.S.C. § 1446(d), Defendants will provide prompt written notice of removal of this action to Plaintiff in the State Court Action and will promptly file a copy of this Notice with the Clerk of the Supreme Court of New York, Suffolk County.

13. By filing this Notice of Removal Defendants do not waive any defenses that may be available to them.

## IV.   CONCLUSION

14. For the foregoing reasons, Defendants Wyeth Pharmaceuticals, Inc. ("Wyeth") and Pfizer Inc. ("Pfizer") remove this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

Dated: June 22, 2017

**DLA PIPER, LLP (US)**

By: /s/ *Christopher G. Campbell*
   Christopher G. Campbell (511346)
   1251 Avenue of the Americas, 27th Floor
   New York, NY 10020-1104
   Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
   *christopher.campbell@dlapiper.com*

   *Attorney for the Defendants Wyeth Pharmaceuticals, Inc. and Pfizer Inc.*

TO:   Sandra M. Radna, Esq.
   Law Offices of Sandra M. Radna P.C.
   700 Fort Salonga Road
   Northport, NY 11768

   *Attorney for Plaintiff*