SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOANNE MIRABELLA

                        Plaintiff/Petitioner,

    -against-                             Index No. 609485/2017

WYETH PHARMACEUTICALS, INC., PFIZER, INC.

                        Defendant/Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

                                                                  EFM-1

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 05/18/2017

_____
Signature

SANDRA M RADNA
_____
Name

_____
Firm Name

700 Fort Salonga Road
_____
Address

Northport, NY  11768
_____
City, State, and Zip

631-754-6382
_____
Phone

sandra@radnalaw.com
_____
E-Mail

To:     _____

        _____

        _____

9/3/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------X

JOANNE MIRABELLA,

Index No. 609185/2017

Plaintiff designates
SUFFOLK
County as the place of trial.
Date Summons filed: 5/8/2017
The basis of the venue is
Plaintiff's residence

Plaintiff,

*Summons*

- against -

WYETH PHARMACEUTICALS, INC. and
PFIZER , INC.,

*Plaintiff resides at*
276 Ocean Avenue
Brentwood, NY 11717

Defendants.

-------------------------------------------------------------X

*To the above named Defendants*:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Northport, New York
     May 17, 2016

Yours, etc.,

LAW OFFICES OF
SANDRA M. RADNA P.C.
Attorneys for Plaintiff

By: _____
   Sandra M. Radna, Esq.
700 Fort Salonga Road
Northport, New York 11768
(631) 754-6382

Defendants' Addresses:

WYETH PHARMACEUTICALS, INC.
500 Arcola Road
Collegeville, PA 19426

PFIZER, INC.
35 East 42nd Street
New York, NY 10017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X     Index No. 609485/2017
JOANNE MIRABELLA,

             Plaintiff,

    - against -                    **VERIFIED COMPLAINT**

WYETH PHARMACEUTICALS, INC. and
PFIZER, INC.,

             Defendants.
-------------------------------------------------------------------X

Plaintiff, by her attorneys, LAW OFFICES OF SANDRA M. RADNA, P.C., complaining
of the Defendants herein, alleges the following upon information and belief:

## THE PARTIES

1.     At all times hereinafter mentioned, Plaintiff was a resident of the County of Suffolk, State
of New York.

2.     At all times hereinafter mentioned, and for some time prior thereto, Defendant, WYETH
PHARMACEUTICALS, INC. was and still is a foreign corporation doing and transacting
business within the State of New York.

3.     At all times hereinafter mentioned, Defendant, WYETH PHARMACEUTICALS, INC. is
a Pennsylvania corporation which upon information and belief has its principal place of
business located at 500 Arcola Road, Collegeville, PA 19426 and upon information belief
has its headquarters in New York City.

4.     At all times hereinafter mentioned, Defendant, WYETH PHARMACEUTICALS, INC. ,
is and was a global pharmaceutical company engaged in the business of creating,
manufacturing, marketing, distributing, labeling, researching, developing and selling
medicines, including the heart medication, Amiodarone.

5.     At all times hereinafter mentioned, Defendant, PFIZER, INC. is a DELAWARE
corporation which upon information and belief has its principal place of business located

at 35 East 42nd Street, New York, NY 10017.

6.    At all times hereinafter mentioned, Defendant, PFIZER, INC., is and was a global pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines, including the heart medication, Amiodarone.

7.    Defendant, PFIZER, INC., individually and through its wholly owned subsidiaries, including Defendants herein, and the trading of its stock on NASDAQ regularly transacts or solicits business, engages in a persistent course of conduct, and derives substantial revenue from goods used or consumed in the State of New York.

8.    At all times material to Plaintiff's causes of action, the Defendants, WYETH PHARMACEUTICALS, INC. and PFIZER, INC., did design, develop, manufacture, market, promote, distribute, and/or assist others in doing one or more of the above with regard to the heart medication, Amiodarone.

9.    Plaintiff was prescribed the medication, Amiodarone by non-party physicians of Suffolk Heart Group, LLP and began taking said medication, upon information and belief, in or around May 16, 2014 and ceased taking said medication in March of 2015.

## AS AND FOR A FIRST CAUSE OF ACTION
## STRICT PRODUCT LIABILITY

10.    Plaintiff repeats and realleges the foregoing allegations of this Complaint as if more fully set forth herein at length.

11.    Defendants designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled and sold the product known as Amiodarone.

- 2 -

12.    Amiodarone was expected to and did reach its intended consumers without substantial change in the condition in which it was manufactured, marketed, and distributed by the Defendants.

13.    At the time Amiodarone left the control of the Defendants and was placed in the stream of commerce, it was in a defective condition which was unreasonably dangerous to the general public, to users, and, in particular, to the Plaintiff herein.

14.    At all times hereinafter mentioned and for some time prior thereto, Amiodarone was unsafe, defective and unreasonably dangerous for normal and anticipated use.

15.    Said defects were a substantial factor in causing Plaintiff's injuries.

16.    At all times hereinafter mentioned and for some time prior thereto, Amiodarone was used for the purposes and in a manner for which it was intended.

17.    Plaintiff could not have discovered the defects herein mentioned and perceived their danger by the exercise of reasonable care.

18.    As a direct and proximate result of the said wrongful, willful and reckless acts and conduct of the Defendants, Plaintiff herein was caused to suffer serious and permanent injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses; and was caused to suffer and will in the future continue to suffer an adverse and material change in his quality of life.

19.    By reason of the foregoing, the Defendants are strictly liable in tort to the Plaintiff for the manufacture, marketing, distribution and sale of a defective product which caused Plaintiff's injuries.

20.    The wrongful acts and conduct of Defendants were so wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merit the imposition of punitive damages.

21.  By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### FAILURE TO WARN

22.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as if fully set forth at length herein.

23.  Pursuant to prescription, Plaintiff utilized Defendants' Amiodarone product for a period of time until approximately March, 2015.

24.  Defendants marketed, promoted and advertised their Amiodarone product to physicians and to the public as more effective and safe than other heart medications, at a time that the Defendants had actual and/or constructive knowledge that Amiodarone was less safe than other heart medications.

25.  Defendants failed to warn prescribing physicians and the public that Amiodarone was associated with increased risk of loss of vision.

26.  Defendants knew, but failed to disclose that Amiodarone had a higher risk of loss of vision.

27.  Defendants failed to provide proper and full information as to the safety of Amiodarone to the U.S. Food and Drug Administration, which regulates the sale of Amiodarone.

28.  Defendants did not reasonably warn the medical profession of precautions and known potential complications of Amiodarone to enable physicians and other healthcare providers to reasonably assess the risks versus the benefits of the use of Amiodarone for diabetes.

- 4 -

29. Defendants knew that the benefits of Amiodarone did not outweigh the risks and/or danger of harm inherent in this product, at the time Amiodarone left the control of Defendants and was placed into the stream of commerce.

30. Plaintiff and her prescribing physician were unaware of the increased risks and danger of harm inherent in Amiodarone, as above described, and would have used and prescribed other methods for regulation and treatment of her heart if they had been so informed.

31. Defendants' failure to warn of the increased risks and danger of harm inherent in Amiodarone, as described above, created an unreasonable danger to users of this product.

32. As a direct and proximate result of the wrongful acts and conduct of the Defendants, as described above, Plaintiff user was caused to suffer serious and permanent injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses and was caused to suffer and will in the future continue to suffer an adverse and material change in his quality of life.

33. By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

- 5 -

## AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF WARRANTY

34. Plaintiff repeats and realleges the foregoing allegations of this Complaint as if more fully set forth herein at length.

35. Defendants by and through their agents, servants and/or employees, expressly and impliedly represented to Plaintiff and other users that the pharmaceutical product Amiodarone, was safe and proper for its intended use and purpose, and guaranteed to the user that the said product was of merchantable quality.

36. At all times herein mentioned, Defendants expressly warranted to Plaintiff and her agents and physicians, by and through statements made by Defendants or their authorized agents or sales representatives, orally and in publications, package inserts, other written materials, and videotapes intended for physicians, medical patients and the general public, that Amiodarone was safe, effective, fit and proper for its intended use, throughout the course of that use by Amiodarone recipient.

37. In utilizing Amiodarone, Plaintiff relied on the skill and judgment of Defendants as to whether Amiodarone was of merchantable quality and safe for its intended use.

38. Said warranties and representations were false and misleading in that Amiodarone was not safe and fit for the use for which it was intended.

39. As a direct and proximate result of Defendants breach of express warranty of fitness and merchantability, Plaintiff has suffered severe and grievous permanent injuries.

40. Defendants have breached applicable warranties, express and implied, including safety and are therefore liable to Plaintiff.

41. As a direct and proximate result of the wrongful acts and conduct of the Defendants, as described above, Plaintiff user was caused to suffer serious and permanent injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was

caused to incur medical expenses and will in the future be caused to incur medical expenses and was caused to suffer and will in the future continue to suffer an adverse and material change in his quality of life.

42. By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
## COMMON LAW NEGLIGENCE

43. Plaintiff repeats and realleges the foregoing allegations of this Complaint as if more fully set forth herein at length.

44. Defendants negligently designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, sold, and otherwise placed their pharmaceutical product Amiodarone into the stream of commerce, and thereby permitted dangerous and hazardous risks to exist of which this Plaintiff was unaware.

45. Defendants, through their agents, servants and/or employees, carelessly and negligently failed to adequately correct the aforesaid dangerous and hazardous risks to this Plaintiff and other users.

46. As a direct and proximate result of the wrongful acts and conduct of the Defendants, as described above, Plaintiff user was caused to suffer serious and permanent injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses and was caused to suffer and will in the future continue to suffer an adverse and material change in her quality of life.

- 7 -

47.   By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### CONSUMER FRAUD

48.   Plaintiff repeats and realleges the foregoing allegations of this Complaint as if more fully set forth herein at length.

49.   Defendants, through their agents, servants and/or employees committed Consumer Fraud through their design, manufacture, testing, distribution, promotion and sale of the pharmaceutical product Amiodarone, by engaging in one or more of the following unlawful practices; unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentations, and/or the knowing concealment, suppression or omission of material facts with the intent that Plaintiff herein and other users would rely upon such concealment, suppression or omission.

50.   As a direct and proximate result of the wrongful acts and conduct of the Defendants, as described above, Plaintiff user was caused to suffer serious and permanent injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses and was caused to suffer and will in the future continue to suffer an adverse and material change in her quality of life.

51.   By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

- 8 -

## AS AND FOR A FIFTH CAUSE OF ACTION
### COMMON LAW FRAUD

52. Plaintiff repeats and realleges the foregoing allegations of this Complaint as if more fully set forth herein at length.

53. Defendants at all times relevant hereto, made false and fraudulent misrepresentations to Plaintiff, her physicians, and the general public, including, but not limited to, representations that Amiodarone was safe, fit and effective for use in the human body.

54. At all times mentioned herein, Defendants conducted a sales and marketing campaign to promote the sale of Amiodarone and fraudulently deceived Plaintiff, her physicians, and the general public as to the health risks and consequences of said product when ingested by the human body. These representations aware made directly by Defendants, by sales representatives, and by other authorized agents of Defendants, and in publications and other written and video materials directed to physicians, medical patients, and the public.

55. The foregoing representations by Defendants were, in fact, false in that Amiodarone was not safe, fit and effective for ingestion by the human body and said product had a propensity to cause serious injury to Amiodarone users, including, but not limited to, the injuries suffered by Plaintiff.

56. When Defendants made the foregoing misrepresentations, they knew them to be false and said representations were made by Defendants with the intent to defraud and deceive Plaintiff, physicians, and the general public, with the intent to induce Plaintiff and her physicians to use Amiodarone as a contraceptive.

57. At the time Defendants made the aforesaid misrepresentations and omissions, Plaintiff was unaware of the falsity of Defendants' representations.

- 9 -

58. In reliance on Defendants' aforesaid misrepresentations and omissions, Plaintiff was induced to and did take Amiodarone. Plaintiff reasonably relied on the aforesaid misrepresentations. Had Plaintiff known of the true and actual facts, which Defendants misrepresented and/or failed to disclose, Plaintiff would not have taken Amiodarone.

59. As a direct and proximate result of the foregoing false and fraudulent misrepresentations and omissions by Defendants, Plaintiff suffered severe and grievous permanent injuries.

60. It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601, by reason of one or more of the exemptions provided in CPLR § 1602.

WHEREFORE, Plaintiff demands judgment against Defendants on the First Cause of Action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages; on the Second Cause of Action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages; on the Third Cause of Action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages; on the Fourth Cause of Action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages; on the Fifth Cause of Action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS in compensatory damages and FIVE MILLION ($5,000,000.00) DOLLARS in punitive damages.

Dated: Northport, New York
     May __, 2017

Yours, etc.

LAW OFFICES OF
SANDRA M. RADNA, P.C.,
Attorneys for Plaintiff

By: _____
     Sandra M. Radna, Esq.
700 Fort Salonga Road
Northport, New York  11768
(631) 754-6382

- 11 -

## VERIFICATION

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF SUFFOLK )

      **JOANNE MIRABELLA**, being duly sworn deposes and says:

      Deponent is the Plaintiff in the within action; Deponent has read the foregoing Complaint and knows the contents thereof; the same is true to Deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters Deponent believes it to be true.

                                          _____

                                          **JOANNE MIRABELLA**

Sworn to before me this
( 9ᵗʰ day of May, 2017.

_____
NOTARY PUBLIC

WENDY BOCIAN
Notary Public, State of New York
No. 02RO5066899
Qualified in Nassau County  Suffolk
Commission Expires October 7, 20 18

Index No.                                                        Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
JOANNE MIRABELLA,

                                   Plaintiff,

      - against -

WYETH PHARMACEUTICALS, INC. and PFIZER, INC.

                          Defendants.

# SUMMONS AND VERIFIED COMPLAINT

**LAW OFFICES OF**
**SANDRA M. RADNA, P.C.**
Attorneys for *Defendant*
30 Wall Street, 8th Floor
New York, New York 10005-3101
(212) 709-8187
700 Fort Salonga Road
Northport, New York 11768
(631) 754-6382

To:
Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated:

_____
                     Attorney(s) for

**PLEASE TAKE NOTICE**

[ ]    that the within is a (certified) true copy of a  entered in the office of the clerk of the within
       named Court on 20

[ ]    that an Order of which the within is a true copy will be presented for settlement to the Hon.
       one of the judges of the within named Court, at  on    20 , at   m.

Dated:

                          **LAW OFFICES OF**
                          **SANDRA M. RADNA, P.C.**
                          Attorneys for *Plaintiff*
                          30 Wall Street - 8th Floor
                          New York, New York 10005-3101
                          (212) 709-8187

                          700 Fort Salonga Road
                          Northport, New York 11768
                          (631) 754-6382